"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA DOLMO,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 04-07558 CAS (AN)<br><br>MEMORANDUM OPINION DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT; AND ORDER THEREON |

## I. BACKGROUND

Now pending before the Court and ready for decision is Plaintiff's petition for Attorneys Fees and Expenses Under the Equal Access to Justice Act ("EAJA").

In its opposition to the Petition, the Government does not contend that Plaintiff's Petition was untimely, or challenge Plaintiff's status as a prevailing party. Instead, the Government contends that Plaintiff's Petition should be denied in its entirety because the Commissioner's position was substantially justified.

## II. DISCUSSION

The EAJA provides in pertinent part:

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court

finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A).  The United States Supreme Court has found that the statutory phrase "substantially justified" means justified in substance or in the main, and that this interpretation of the phrase is equivalent to the formula adopted by the Ninth Circuit Court of Appeals, that is, a reasonable basis both in law and fact.  *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 181 L. Ed. 2d 490 (1988).  The term "position" includes the underlying agency action and the Government's legal position during litigation. *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir. 1988).  The burden is on the Government to prove substantial justification.  *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir. 1987).  However, Congress has made it clear that there is no presumption that the Government's position was not substantially justified merely because it lost the case (*see* S. Rep. No. 96-253, 96th Cong., 1st Sess. 7 and H.R. Rep. No. 96-418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S. Code Cong. & Ad. News 4953, 4490).  *See also United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002); *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988).

Plaintiff raised two issues in the Joint Stipulation as her grounds for challenging the Commissioner's final decision. The Court concurred with the Commissioner's position with respect to Issue No. 2 (whether in determining that plaintiff was not disabled at Step Three of the sequential disability analysis, the ALJ properly considered the listing of impairments).

As to Issue No. 1 (whether the ALJ properly developed the record), the Court found the Commissioner's arguments were not persuasive.  The Court found the matter required remand for further proceedings but acknowledged that, to the extent the Hubert Humphrey clinic failed to respond to two previous requests for records, another request might be equally unproductive. In such a case, 20, C.F.R. § § 404.1512(f) and 416.912(f) provide that where the record is inadequate, but the necessary information is not readily available from the treating source, the Commissioner may request the plaintiff to undergo a consultative examination.  The Court ordered that upon remand, the ALJ should (1) attempt to obtain the records of Hubert Humphrey Medical Center and document his efforts; (2) obtain updated medical information,

1  and; (3) refer Plaintiff to a consultative examiner if the ALJ deems it necessary.

2  Taken as a whole, the Court finds in this instance the Commissioner's position at the administrative level and during the litigation of this action, while not correct, was substantially justified in that it had a reasonable basis in both law and fact for not making a third request for records. *See Utu Utu Gwaitu Paiute Tribe, Etc. v. Dept. of the Interior*, 773 F. Supp. 1383, 1388 (E.D. Cal. 1991) (declining to award attorney fees under the EAJA for the one issue on which the court had found the Government's position to not be substantially justified). Indeed, by making two requests as opposed to none at all, the Government was substantially justified in concluding that a third request might be futile.

## ORDER

Plaintiff's Petition for Attorneys Fees and Expenses Under the Equal Access to Justice Act therefore is DENIED.

DATED:   June 22, 2006         /s/ Arthur Nakazato
                               ARTHUR NAKAZATO
                               UNITED STATES MAGISTRATE JUDGE